IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN C. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **2:06-CV-04-MEF** |
| ) | |
| DIRECTOR OF VETERANS' ) | |
| AFFAIRS OF MONTGOMERY, AL, & ) | |
| MIKE FAIRCHILD, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS**

     Come now Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12(b)(1) move for the dismissal of the above-styled cause as this Court lacks subject matter jurisdiction. In support of this motion Defendants state as follows:

*I.   Introduction*

     The plaintiff seeks an order of this Court requiring the defendant agency, and/or its employee, Mike Fairchild, to forward the administrative file regarding his requests for veterans benefits, which were denied, to the Board of Veterans Appeals (BVA). This Court lacks subject matter jurisdiction over this matter and this case is therefore due to be and should be dismissed pursuant Rule 12(b)(1), Federal Rules of Civil Procedure.

## II. Subject matter jurisdiction over a complaint seeking to compel action of the Secretary of the Department of Veterans Affairs is within the exclusive jurisdiction of the Court of Appeals of Veterans Claims (CVA).

The United States retains sovereign immunity from lawsuits unless the government has consented to suit. *See* United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Moreover, the United States has not waived its sovereign immunity as to review of VA procedures by any court other than the Court of Appeals for Veterans Affairs, Federal Circuit Court of Appeals, and the United States Supreme Court. In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998).

In 1988, Congress enacted the Veterans Judicial Review Act of 1988, Pub.L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-4122 (codified in sections scattered in 38 U.S.C.) ("VJRA"), and established a multi-tiered framework for the adjudication of claims regarding veterans benefits. The first step contemplated by the VJRA is the filing of a claim for benefits with a regional office of the Department of Veterans Affairs. The regional office is required to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). If dissatisfied with the conclusions of the regional office, the claimant may then appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. *See,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d 1237, 1241-1242 (M.D. Fla. 2002). If the veteran is ultimately

dissatisfied with the final action of the BVA, he may seek judicial review of his claim in the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252. Finally, the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

The VJRA vested exclusive jurisdiction over the appeal of any final decision of the BVA in the Court of Veterans Appeals ("CVA").[1] The CVA is an Article I court established by Congress in 38 U.S.C. § 7252(a). Particularly:

> Congress gave the CVA two sources of power with which it can remedy claims of unreasonable administrative delay or inaction. First, the All Writs Act empowers "[t]he Supreme Court and all courts established by Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Second, Congress specifically empowered the CVA to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2).

Price v. United States, 228 F.3d 420, 421 (D.C.Cir.2000). In accord with the foregoing, the Court of Appeals for Veterans Claims, "and not the district court, has jurisdiction to compel an action of the Secretary 'unlawfully withheld or unreasonably delayed.'" Frison v. Principi, 2003 WL 22097797 (C.A.D.C. 2003) (unpublished opinion), *quoting,* 38

---

[1] As of March 1, 1999, the Court of Veterans Appeals is now the United States Court of Appeals for Veterans Claims.

U.S.C. § 7261; *citing,* In re: Russell, 155 F.3d 1012 (8th Cir.1998); Beamon v. Brown, 125 F.3d 965, 974 (6th Cir.1997); *also see,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d at 1246 ("This Court simply lacks jurisdiction to review the VA's handling and processing of the plaintiffs' benefit claims.")

WHEREFORE, premises considered, the complaint is due to be and should be dismissed.

Respectfully submitted this 26th day of April, 2006.

                LEURA G. CANARY
                United States Attorney

        By: /s/R. Randolph Neeley

        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        **E-mail: rand.neeley@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

> John C. Richardson
> 831 15th Avenue
> Phenix City, AL 36867

> s/R. Randolph Neeley
> Assistant United States Attorney