## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JOHN C. RICHARDSON,                  )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )          Civil Action No. 2:06-CV-04-MEF
                                     )
DIRECTOR OF VETERANS                 )
AFFAIRS OF MONTGOMERY,               )
AL, AND MIKE FAIRCHILD               )
                                     )
    Defendant.                   )

## DECLARATION OF BERT DEPUE

Now comes, Bert DePue, Acting Service Center Manager, Montgomery Regional Office, United States Department of Veterans Affairs, who, being duly sworn, deposes and says as follows:

1)    My name is Bert DePue.

2)    I am the Acting Service Center Manager at the VA Regional Office in Montgomery, AL.

3)    My office is located at 345 Perry Hill Road, Montgomery, AL 36109-4551.

4)    It is the responsibility of the VA Regional Office to include the Adjudication Division, which I supervise, to make awards of VA benefits for claimants, who include veterans and their dependents residing in Alabama.

5)    Inspection of the files and records in my office made and maintained in the regular and ordinary course of official business of the Department reflects that Plaintiff, John C. Richardson, continued to submit additional evidence after an appeal had been initiated. In accordance with VA regulations, 38 C.F.R. §19.37 evidence received by the agency of original



DEFENDANT'S
EXHIBIT

CASE
NO. 2:06-CV-04-MEF

EXHIBIT
NO. 1

jurisdiction prior to transfer of records to the Board of Veterans' Appeals after an appeal has been initiated will be referred to the appropriate rating or authorization activity for review and disposition.  Thereafter, a supplemental statement of the case is furnished to the appellant and his or her representative.  Pursuant to 38 C.F.R. §20.302(c) when a supplemental statement of the case is furnished, a period of 60 days from the date of mailing of the supplemental statement of the case will be allowed for response.  The response to the supplemental statement of the case is optional, however Mr. Richardson never waived the 60 day period.  In essence, Mr. Richardson caused unnecessary delay in the adjudication appeals process by continuously submitting evidence and his failure to waive the 60 day suspense period.  Notwithstanding, the claim file of Mr. Richardson was forwarded to the Board of Veterans' Appeals located in Washington, D.C. on June 15, 2006.

6)   Under the provisions of title 28, United States Code, section 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this the 20th day of June, 2006.

BERT DEPUE
ACTING SERVICE CENTER MANAGER