IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN C. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06cv04-MEF |
| ) | |
| DIRECTOR OF VETERANS AFFAIRS ) | |
| OF MONTGOMERY, ALABAMA, *et al*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case was commenced by a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 filed by the plaintiff on January 3, 2006. (Doc. # 1). The plaintiff seeks to compel the Director of Veterans Affairs to forward his administrative file to the Board of Veterans Appeals. (*Id*.)

On June 23, 2006, the defendants filed a status report in which they assert that the plaintiff's administrative file was forwarded to the Board of Veteran's Appeals on June 15, 2006.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820,

823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

The petitioner's ultimate objective in filing this action was to have his administrative records forwarded to the Board of Veterans Appeals in order to pursue an appeal of the denial of veteran benefits. The plaintiff's records have now been sent to the Board.

Accordingly, upon consideration of the defendants' status report, and for good cause,

2

it is

ORDERED that on or before **July 11, 2006**, the plaintiff shall show cause why this case should not be dismissed as moot. *See United States ex rel. Graham v. United States Parole Commission*, 732 F2d 849, 850 (11th Cir. 1984).

The plaintiff is specifically advised that if he fails to file a response as required by this order, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed.

Done this 26th day of June, 2006.

                                       /s/Charles S. Coody
                                 CHARLES S. COODY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE