IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN C. RICHARDSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06cv04-MEF |
| ) | (WO) |
| DIRECTOR OF VETERANS AFFAIRS ) | |
| OF MONTGOMERY, ALABAMA, *et al*, ) | |
| ) | |
|    Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was commenced by a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 filed by the plaintiff on January 3, 2006. (Doc. # 1). The plaintiff sought to compel the Director of Veterans Affairs to forward his administrative file to the Board of Veterans Appeals. (*Id*.)

On June 23, 2006, the defendants filed a status report in which they assert that the plaintiff's administrative file was forwarded to the Board of Veteran's Appeals on June 15, 2006. On June 26, 2006, the court entered an order directing the plaintiff to show cause why his petition for writ of mandamus should not be dismissed as moot since his records have now been sent to the Board. Richardson has filed nothing in response to the June 26, 2006 order.[1]

---

[1] On April 26, 2006, the defendant filed a motion to dismiss (doc. # 12). On May 26, 2006, the court set the defendant's motion to dismiss for oral argument on June 16, 2006. The plaintiff failed to appear for oral argument. In light of the court's determination that this case is due to be dismissed as moot, the court need not resolve the defendant's motion to dismiss.

**DISCUSSION**

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, the court determined:

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as

> where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d 687, 693 (11th Cir. 1987)(citations omitted).

The petitioner's ultimate objective in filing this action was to have his administrative records forwarded to the Board of Veterans Appeals in order to pursue an appeal of the denial of veteran benefits. The plaintiff's records have now been sent to the Board. Because Richardson's records have now been forwarded to the Board of Veterans Appeals, there is no longer a case or controversy to litigate and this case is due to be dismissed as moot. *United States ex rel. Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of mandamus be dismissed as moot since a more favorable decision on the merits would not entitle Richardson to any additional relief. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **July 31, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2006.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE